UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

R.A. a minor, by and through his guardian, Steve Altes, individually and on behalf of others similarly situated,

Plaintiff,

v.

AMAZON.COM, INC. and A2Z DEVELOPMENT CENTER, INC.,

Defendants.

Case No.: CV 19-06454-CJC(AGRx)

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 37]**

## I. INTRODUCTION

On June 11, 2019, Plaintiff R.A. brought this putative class action against Amazon.com, Inc. ("Amazon"), and A2z Development Center, Inc. ("A2z Development") in Los Angeles County Superior Court alleging violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632. (Dkt. 1-1

-1-

[Complaint, hereinafter "Compl."].) Defendants removed the action on July 25, 2019. (Dkt. 1 [Notice of Removal].) Before the Court is Plaintiff's motion to remand the case to Los Angeles County Superior Court. (Dkt. 37 [hereinafter "Mot."].) For the following reasons, that motion is **DENIED**.[1]

## II. BACKGROUND

The allegations in Plaintiff's complaint concern Amazon's smart speaker technology, Alexa. Alexa is "the world's leading voice-responsive personal assistant technology." (Compl. ¶ 7.) As of January 2019, over 100 million devices containing Alexa had been sold. (*Id.* ¶ 9.) The Alexa technology allows users to access online information verbally without using their phones or computers. The technology becomes operational after a user downloads the Alexa application and pairs it with a device such as an Amazon Echo or a Sonos speaker. (*Id.* ¶ 12.) Once this pairing occurs, the Alexa technology is triggered whenever an individual says a "wake word," like "Alexa." (*Id.* ¶ 15.) Typically, after saying this wake word, Alexa users make some sort of inquiry or request, such as "Alexa, what is the weather today?" (*Id.* ¶ 11.)

Once Alexa detects that a wake word has been used, it allegedly records the subsequent communication and sends the recording to Amazon's servers. (*Id.* ¶ 15.) Transmitting the recording to the servers is what allows Alexa to respond to the user accurately. (*Id.* ¶ 16.) The recordings are then allegedly stored on Amazon's servers for later use and analysis. (*Id.* ¶ 17.) This practice of recording and storing users' communications with Alexa allegedly helps Amazon amass huge swaths of consumer data, which it can use in other areas of its business. (*Id.* ¶¶ 22–24.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 16, 2019, at 1:30 p.m. is hereby vacated and off calendar.

According to the complaint, Amazon fails to obtain consent to these recording practices from a substantial number of Alexa users. The only people who allegedly consent are the registered users who initially set up the Alexa-enabled device and install the Alexa application. (*Id.* at 3.) However, Alexa is not programmed to only respond to this consenting person's voice. (*Id.*) Instead, every time Alexa detects that a wake word has been used, it records and stores the subsequent communication regardless of who the speaker is. (*Id.* ¶ 14.) Because devices paired with Alexa are typically stored inside homes and used by all of their occupants, Alexa allegedly ends up recording and storing the communications of many people who have not consented to this practice, including minors. (*Id.* ¶¶ 26–29.)

Plaintiff R.A. is allegedly one of these nonconsenting minors. His father, a registered user, purchased two Echo Dot smart speakers in November 2018 and paired them with Alexa. (*Id.* ¶¶ 32–33.) R.A. is not a registered user, so he never consented to Amazon's recording practices. (*Id.* ¶ 35.) However, because he uses the Alexa-enabled device a few times per week, his communications are recorded and stored without his consent, in alleged violation of CIPA. (*Id.* ¶¶ 49–55.)

Plaintiff brings this CIPA claim on behalf of a proposed class of "all citizens of the State of California who used a household Amazon Alexa device while they were minors, but who have not downloaded and installed the Alexa app." (*Id.* ¶ 40.) The complaint names both Amazon and A2z Development as Defendants. Amazon is a Delaware corporation with its principal place of business in Seattle, Washington. (*Id.* ¶ 2.) A2z is a subsidiary of Amazon and has its principal place of business in Sunnyvale, California. (*Id.* ¶ 3.) Defendants removed the action to federal court on July 25, 2019, invoking jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff

subsequently moved to remand the action to Superior Court, asserting that the action fits within CAFA's "local controversy" exception. (Mot. at 3.)

### III. LEGAL STANDARD

A civil action brought in state court may be removed by the defendant to a federal district court if the action could have been brought there originally. 28 U.S.C. § 1441(a). The party seeking removal bears the initial burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Under CAFA, federal courts have original jurisdiction over a class action if (1) the parties are minimally diverse, (2) the proposed class has more than 100 members, and (3) the aggregated amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). "Congress passed CAFA with the 'overall intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.'" *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (quoting S. Rep. No. 109–14, at 35 (2005)).

There are several exceptions to federal jurisdiction under CAFA, however. A district court must decline to exercise jurisdiction over a class action if the requirements of the "local controversy" exception are met. 28 U.S.C. § 1332(d)(4). The local controversy exception applies to a class action in which:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant—
>     (aa) from whom significant relief is sought by members of the plaintiff class;
>     (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally
                    filed; and
            (III) principal injuries resulting from the alleged conduct or any related
            conduct of each defendant were incurred in the State in which the action was
            originally filed; and
            (ii) during the 3-year period preceding the filing of that class action, no other
            class action has been filed asserting the same or similar factual allegations
            against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4). "The local controversy exception to CAFA jurisdiction is a narrow exception," and once CAFA removal jurisdiction has been established, the party seeking remand bears the burden of establishing that it applies. *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016). "However, if the exception applies, the district court must remand the case to state court." *Id.*

## IV. DISCUSSION

The parties do not appear to dispute that the Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2). Rather, their disagreement concerns the applicability of the local controversy exception. Specifically, the parties dispute whether four separate requirements of the local controversy exception are met in this case: (1) whether any other class action has been filed against Defendants alleging similar factual allegations in the preceding three years before the filing of this case, (2) whether the conduct of A2z Development, the only local defendant, formed a "significant basis" for the claims asserted, (3) whether Plaintiff seeks significant relief from Az2 Development and, (4) whether the principal injuries resulting from the alleged conduct were incurred in California. The Court will address each issue in turn.

### A. Related Class Actions

The local controversy exception is met only if "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332 (d)(4)(A)(ii). Defendants argue that *C.O. v. Amazon.com, Inc. et. al.*, 2:19-cv-00910-RAJ-MLP (hereinafter "the B.F. action"),[2] a class action that is currently pending in the Western District of Washington, precludes the local controversy exception from applying. Defendants contend that Plaintiff failed to establish that this action was filed before the B.F. action. The Court disagrees.

The B.F. action was filed on June 11, 2019 at 1:40 p.m. PDT. (*See* Dkt. 40 [Declaration of Brantley Pepperman].) This action was electronically filed in Superior Court on June 10, 2019 and subsequently filed in person with the Court Clerk's office at approximately 11:15 a.m. PDT on June 11, 2019. *Id.* Because this action was filed before the B.F. action, the B.F. action does not bar the local controversy exception from applying. *See* 28 U.S.C. § 1332 (d)(4)(A)(ii).

### B. Significant Basis

The parties next dispute whether A2z Development's conduct "forms a significant basis for the claims asserted." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). When making this determination, courts are required to compare the allegations against the local defendant to those made against the other defendants. *See Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1118 (9th Cir. 2015). Courts must consider a local defendant's conduct "in the context of the overall claims asserted." *See id.* (internal quotation omitted). "[T]he

---

[2] After it was filed, the case was re-captioned from "C.O." to "B.F."

local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the [d]efendants." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1157 (C.D. Cal. 2010), *aff'd*, 631 F.3d 1010 (9th Cir. 2011) (internal quotation omitted) (emphasis in original). Courts cannot look beyond the complaint when determining whether the claims against a local defendant meet this requirement. *See Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1012 (9th Cir. 2011).

Defendants argue that Plaintiff has failed to sufficiently allege that Az2 Development's conduct is a "significant basis" for the claims asserted. The Court agrees. Plaintiff's complaint contains relatively few allegations that address A2z Development specifically. The complaint alleges that A2z Development is a subsidiary of Amazon that "employs thousands of individuals, many of whom work on Alexa-enabled devices." (Compl. ¶ 3.) A2z Development allegedly developed both the Echo "smart speaker" and the Alexa voice assistant between 2010 and 2014. (*Id.* ¶ 7.) Since then, A2z Development has continued to update and refine the Alexa program, as well as various new Echo products that contain the Alexa program. (*Id.* ¶ 10.) The remainder of the allegations in the complaint are asserted against "Amazon," making it difficult for the Court to determine which specific allegations refer to Amazon.com and which refer to A2z Development.

Failing to specifically allege what conduct the local defendant engaged in oftentimes frustrates a plaintiff's ability to establish the significance of a local defendant. *See, e.g.*, *Clark v. WorldMark, The Club*, 2019 WL 1023887, at *5 (E.D. Cal. Mar. 4, 2019) (refusing to remand based on the local controversy exception when the Court could not "determine which Defendants were responsible for . . . the actions forming the basis for the specific claims asserted"); *Adame v. Comprehensive Health Mgmt., Inc*, 2019 WL 1276192, at *4 (C.D. Cal. Mar. 19, 2019) (finding that local defendants did not form a

significant basis for the claims when complaint contained no specific allegations of their conduct). After considering only the allegations that specifically refer to A2z Development, the Court finds that A2z's alleged conduct does not form a significant basis of Plaintiff's claims. Plaintiff's CIPA claim does not center on the development and upkeep of the Alexa technology, the sole allegations specific to A2z Development. Rather, the allegedly illegal conduct is the recording of confidential communications without the consent of non-registered minors. (Compl. ¶¶ 51, 57.) It is unclear from Plaintiff's complaint what role Az2 Development had in that specific activity. As currently pled, Plaintiff's complaint has not met its burden in alleging that A2z Development's conduct forms a significant basis for the claims asserted.

The Court disagrees with Plaintiff's assertion that requiring it to separate out the conduct of the local defendant creates pleading "absurdities." (Dkt. 40 at 9.) Rather, this approach is in line with the purposes of the local controversy exception outlined in the Senate Judiciary Committee's report. *See* S. Rep. No. 109–14. This report instructed courts to "bear in mind that the purpose of each of these criteria is to identify a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others." *Id*. at 38. Without specific allegations regarding the conduct of the local defendant, courts would struggle to identify which cases are "truly local controvers[ies]." *See id.* Nor does this approach frustrate plaintiffs' ability to establish the local controversy exception. The Ninth Circuit has made clear that plaintiffs are often permitted to amend their complaint after removal to add CAFA-specific allegations. *See Benko*, 789 F.3d at 1117.

### C. Significant Relief

The parties next dispute whether Plaintiff seeks significant relief from A2z Development. To determine if a plaintiff claims significant relief from a defendant,

courts "look to the remedies requested by the Plaintiffs." *Id.* at 1119. Plaintiffs contend that significant relief is sought from A2z Development because the complaint requests (1) injunctive relief, (2) statutory damages under Cal. Penal Code § 673.2, and (3) costs and attorneys' fees. (Compl. ¶ 60.)

Defendants argue that Plaintiff has failed to meet its burden here because it does not request specific relief from A2z Development but instead seeks identical relief from all Defendants. However, "the local controversy exception does not require that plaintiffs specify the division of damages between defendants." *Allen*, 821 F.3d at 1119; *see also Bloomquist v. Covance, Inc.*, 2017 WL 1735170, at *4 (S.D. Cal. May 4, 2017) (holding that the plaintiff sufficiently alleged that he sought significant relief from the local defendants although "[the plaintiff] seeks damages from all defendants equally"). At the pleading stage, "Plaintiffs may not know, and perhaps cannot know . . . how much of their damages" are attributable to each Defendant. *See Allen*, 821 F.3d at 1119.

The Ninth Circuit has found that the significant relief requirement was met in a case where a plaintiff alleged that both defendants had violated the same provisions of California law and sought identical damages from each of them. *See Coleman*, 631 F.3d at 1020. Accordingly, the fact that Plaintiff did not break down which of its damages were attributable to Az2 Development is not fatal to its ability to establish this prong of the local controversy exception. Given the sizable statutory damages available under Cal. Penal Code § 673.2 and the substantial burdens that would arise from the complying with the injunction Plaintiff seeks, the Court finds that Plaintiff has met its burden on the significant relief prong of the local controversy exception.

### D. Principal Injuries

The parties' next dispute concerns the principal injury prong of the local controversy exception. In order for the local controversy exception to apply, "[the] principal injuries resulting from the alleged conduct or any related conduct of each defendant [must have been] incurred in the State in which the action was originally filed." 28 U.S.C. § 1332 (d)(4)(A)(i)(III). Plaintiff argues that the principal injuries were incurred within California because the "alleged conduct" at issue here is the violation of a California statute and the class is restricted to California minors. (Mot. at 12–20.) Defendants counter that, although Plaintiff's proposed class is comprised of only California residents and is premised on violation of a California statute, the conduct and resulting injuries occurred on a nationwide scale. (Dkt. 39 [Defendants' Opposition to Motion to Remand] at 14–24.) The Court agrees with Defendants' position.

The Court recognizes that there is a split of authority regarding how to best construe the principal injury prong of the local controversy exception. *Compare Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 156 (3d. Cir 2009) (holding that according to the text of CAFA, the principal injury requirement is met *either* (1) when the principal injuries from the alleged conduct were incurred in the state, *or* (2) when the principal injuries from any related conduct were incurred in the state) *with Kearns v. Ford Motor Co.,* 2005 WL 3967998, at *11 (C.D. Cal. Nov. 21, 2005) (finding that the term "principal injuries" is ambiguous and that CAFA's legislative history makes clear that when injuries are suffered nationwide, the local controversy exception does not apply). In keeping with the approach adopted by other California district courts, the Court finds *Kearns* to be more persuasive. *See, e.g., Beasley v. Lucky Stores, Inc.*, 379 F. Supp. 3d 1039, 1045 (N.D. Cal. 2019) (noting that the Ninth Circuit has not adopted *Kaufman* and that numerous district courts within the Ninth Circuit have found that the

"principal injury" requirement was not met when the offending product was sold nationwide).

California district courts have consistently refused to remand class actions that allege solely violations of California law but that are premised on nationwide conduct. In *Winn v. Mondelez Int'l*, the plaintiff brought a putative class action alleging that defendants had violated California law by failing to disclose that Ginger Snaps contained trans-fat. *See* 2018 WL 3151774 (N.D. Cal. June 28, 2018). The court held that the local controversy exception did not apply because "the principal injuries alleged in this suit are not limited to California because Ginger Snaps are sold nationwide." *See id.* at *5 (internal quotations omitted). The court in *Beasley* denied a motion to remand for similar reasons. *See* 379 F. Supp. at 1041. There, the plaintiff alleged that Coffee-mate packaging contained misleading statements and sought to represent a class of California purchasers based on violations of California law. *See id.* The court first rejected *Kaufman* and then held that the local controversy exception was not applicable because Coffee-mate "was distributed and sold nationwide, not only or even principally in California, and, consequently, that any damage caused by the conduct of one or more of the defendants occurred nationwide." *See id.* at 1044.

Plaintiff fails to meet the principal injury requirement of the local controversy exception for similar reasons. Although Plaintiff's proposed class is comprised of only California minors, in no way is the underlying conduct at issue—Amazon's alleged practice of recording and storing the communications of nonconsenting Alexa users— limited to California. As of January 2019, over 100 million devices containing Alexa had been sold nationwide and there is no suggestion that Amazon's recording was confined to California. (Compl. ¶ 9.) As a result, Plaintiff's action is not "truly local." *See Waller v. Hewlett-Packard Co.*, 2011 WL 8601207, at *4 (S.D. Cal. May 10, 2011). Rather, it is

local "only in the trivial and almost tautological sense that the definition of the putative class and the legal bases of the asserted claims make it so." *Id.*

CAFA's legislative history confirms that Plaintiff's proposed class does not fit within the narrow local controversy exception.[3] *See* S. Rep. No. 109–14. The Senate Report's discussion of the principal injury prong explains:

> [T]he principal injuries resulting from the actions of all the defendants must have occurred in the state where the suit was filed. By this criterion, the Committee means that all or almost all of the damage caused by defendants' alleged conduct occurred in the state where the suit was brought. The purpose of this criterion is to ensure that this exception is used only where the impact of the misconduct alleged by the purported class is localized. . . . [I]f the defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states, the case would not qualify for this exception, even if it were brought only as a single-state class action.

*Id.* Here, Defendants' alleged recording policy was not limited to or unique to California. Instead, it "injured consumers throughout the country." *Id.* Accordingly, this case does not meet the principal injury prong even though it was brought as a single-state class action.

"The local controversy exception to CAFA jurisdiction is a narrow exception." *Allen*, 821 F.3d at 1116. Its breadth would significantly expand if plaintiffs were permitted to strategically limit the scope of their action to fall within it. The Court finds that Plaintiff has not met its burden in establishing that the principle injuries resulting from the alleged conduct occurred in California.

---

[3] The Court rejects Plaintiff's argument that this report is inherently unreliable. (*See* Mot. at 18–20.) In fact, the Ninth Circuit has heavily relied on it in several instances while interpreting CAFA's local controversy exception. *See, e.g.*, *Coleman*, 631 F.3d at 1018–19.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED:	September 6, 2019

_____
CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE